# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:09-CR-68-DAK** |
| **ROBERT DAVISON,** | **Judge Dale A. Kimball** |
| **Defendant.** | |

This matter is before the court on Defendant Robert Davison's Motion for Early Termination of Supervised Release [ECF No. 51]. On November 23, 2009, this court sentenced Defendant to 120 months of incarceration and 240 months of supervised release for coercion and enticement for illegal sexual activity. Defendant began serving his term of supervised release on November 9, 2017, and his term of supervised release will end on November 8, 2037.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. See 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that he is currently homeless and resides in his vehicle. He receives Social Security disability benefits but is awaiting backpay. Defendant's last instance of noncompliance with the terms of his supervised release occurred in February 2018.  In that instance, a Petition and Order for Action on Alleged Violation of Supervised Release was requested after Defendant was found in possession of an unauthorized internet capable device, failed to report two email accounts, viewed/accessed/possessed sexually explicit material, failed to answer truthfully questions posed by the probation officer and failed to make restitution payments. In July of 2018, an Order for Withdrawal of Petition and Summons was granted due to Defendant demonstrating increased ownership of his supervision. Defendant completed his sex offender treatment in 2019 and completed restitution payments in August of 2025. Defendant has incurred no additional instances of noncompliance of his terms of supervised release.

Defendant's probation office did not take a position regarding early termination of supervised release because, as a general practice, probation does not do so on sex offense-related cases. The United States opposes the motion based on the seriousness of the offense, the young age of the victim and the fact that Defendant violated the terms of his supervised released less than a year after it had begun. Moreover, the victim in this case strongly opposes early termination for the same reasons and contends that it would be unjust to grant the request before Defendant has completed even half of his supervision term.

The court agrees with the United States and the victim that given the serious nature of Defendant's offense, he continues to require supervision for the safety of the community. Accordingly, the court denies Defendant's Motion for Early Termination of Supervised Release.

Dated this 15th day of June 2026.

2

BY THE COURT:

DALE A. KIMBALL
United States District Judge

3